IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEITNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THE CHELSEA WINERY, LTD., a New York | ) | |
| Corporation and CHELSEA WINE & STORAGE, | ) | |
| INC., a New York Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Michael Leitner, through his attorneys, states the following as his Complaint against defendants The Chelsea Winery, Ltd. and Chelsea Wine & Storage, Inc.:

1. This is an action to collect sums immediately due and owing to Leitner pursuant to oral loan agreements between Leitner and defendants. Between March of 2020 and September of 2020, Leitner lent $860,000 to defendants for the continued operation of their businesses. Leitner has demanded payment of the loans and defendants have failed and refused to do so.

## THE PARTIES

2. Michael Leitner ("Leitner") is an individual and citizen of the State of Illinois.

3. Defendant The Chelsea Winery, Ltd. ("Winery") operates a retail business under the name "Chelsea Wine Vault," a company engaged in the sale of wine to customers.

4. Defendant Chelsea Wine & Storage, Inc. ("Storage") operates a wine storage facility for its customers.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 based on diversity of citizenship:

    a. Leitner is domiciled in the State of Illinois and is, therefore, a citizen of the State of Illinois.

    b. Winery is a New York corporation incorporated in the State of New York with its principal place of business is in New York City. Therefore, Winery is a citizen of the State of New York.

    c. Storage is a New York corporation incorporated in the State of New York with its principal place of business is in New York City. Therefore, Storage is a citizen of the State of New York.

    d. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to Leitner's claims occurred in the Northern District of Illinois.

**ALLEGATIONS COMMON TO ALL COUNTS**

7. On or about, March 24, 2020, Amelia Gancarz, Winery's Chief Operating Officer, and Mike Gancarz, Winery's interim Chief Executive Officer, requested that Leitner loan Winery $560,000 for the operation of Winery's business. The parties agreed that Leitner would provide the funding to Winery in anticipation of Leitner eventually becoming one of Winery's shareholders. The Parties agreed that in the event Leitner determined that he would not purchase an equity interest in Winery, the $560,000 would be treated as an interest free loan, payable on demand.

8. On six additional occasions, Leitner lent Winery money under the same terms as the initial $560,000. Leitner lent the following amounts to Winery on the following dates:

| Date | Amount | Recipient |
|---|---|---|
| March 25, 2020 | $ 560,000.00 | Winery |
| April 10, 2020 | $ 100,000.00 | Winery |
| April 29, 2020 | $ 50,000.00 | Winery |
| May 1, 2020 | $ 50,000.00 | Winery |
| September 22, 2020 | $ 15,000.00 | Winery |
| September 24, 2020 | $ 10,000.00 | Winery |
| September 28, 2020 | $ 25,000.00 | Winery |

9. Leitner lent a total of $810,000 to Winery between March 25, 2020 and September 28, 2020 interest free and payable on demand in the event he determined that he would not purchase shares in Winery.

10. On or about, September 22, 2020, Amelia Gancarz, Storage's Chief Operating Officer, and Mike Gancarz, Winery's interim Chief Executive Officer, requested that Leitner loan Winery $15,000 for the operation of Storage's business. The parties agreed that Leitner would provide the funding to Storage in anticipation of Leitner eventually becoming one of Storage's shareholders. The Parties agreed that in the event Leitner determined that he would not purchase an equity interest in Storage, the $15,000 would be treated as an interest free loan, payable on demand.

11. On two additional occasions, Leitner lent Storage money under the same terms as the initial $15,000. Leitner lent the following amounts to Storage:

| Date | Amount | Recipient |
|---|---|---|
| September 22, 2020 | $ 15,000.00 | Storage |
| September 24, 2020 | $ 10,000.00 | Storage |
| September 28, 2020 | $ 25,000.00 | Storage |

12. Leitner lent a total of $50,000 to Storage between September 22, 2020 and September 28, 2020, interest free and payable on demand if he decided not to become an equity holder in Storage.

13. Following Leitner's last payments to Winery and Storage on September 28, 2020, the parties determined and agreed that Leitner would not become a shareholder in either Winery or Storage.

14. On November 4, 2020, Leitner, through his counsel, sent a letter to Winery and Storages' respective agents and officers demanding immediate repayment of each loan, totaling $860,000. A true and correct copy of the November 4, 2020 demand is attached hereto as Exhibit A.

15. While acknowledging that Leitner lent and defendants received a total of $860,000, defendants have failed and refused to repay Leitner.

## COUNT I

## BREACH OF CONTRACT AGAINST WINERY

16. Leitner realleges and incorporates by reference his allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Winery's failure and refusal to repay the loans that Leitner made to Winery constitutes a breach of the parties' oral contract.

18. As a direct and proximate cause of Winery's failure to repay the loans that Leitner made, Leitner has been damaged in the amount of $810,000.

WHEREFORE, Michael Leitner prays that the Court enter judgment in his favor and against Chelsea Winery, Ltd. on Count I in the amount of $810,000 plus interest and costs and grant him such further relief as the Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT AGAINST STORAGE

19. Leitner realleges and incorporates by reference his allegations contained in paragraphs 1 through 15 as if fully set forth herein.

20. Storage's failure and refusal to repay the loans that Leitner made to Storage constitutes a breach of the parties' oral contract.

21. As a direct and proximate cause of Storage's failure to repay the loans that Leitner made, Leitner has been damaged in the amount of $50,000.

WHEREFORE, Michael Leitner prays that the Court enter judgment in his favor and against Chelsea Wine & Storage, Inc. on Count II in the amount of $50,000 plus interest and costs and grant him such further relief as the Court deems just and proper.

## COUNT III

## UNJUST ENRICHMENT AGAINST WINERY

22. Leitner realleges and incorporates by reference his allegations contained in paragraphs 1 through 15 as if fully set forth herein.

23. In the alternative, permitting Winery to retain the $810,000 that Leitner provided to Winery would be unjust. When he provided Winery with $810,000, Leitner conferred a benefit upon Winery and it would be unjust and unequitable for Winery to retain that benefit.

WHEREFORE, in the alternative to Count I, Michael Leitner prays that the Court enter judgment in his favor and against Chelsea Winery, Ltd. on Count III in the amount of $810,000 plus interest and costs and grant him such further relief as the Court deems just and proper.

## COUNT IV

### UNJUST ENRICHMENT AGAINST STORAGE

24. Leitner realleges and incorporates by reference his allegations contained in paragraphs 1 through 15 as if fully set forth herein.

25. In the alternative, permitting Storage to retain the $50,000 that Leitner provided to Storage would be unjust. When he provided Storage with $50,000, Leitner conferred a benefit upon Storage and it would be unjust and unequitable for Storage to retain that benefit.

WHEREFORE, in the alternative to Count II, Michael Leitner prays that the Court enter judgment in his favor and against Chelsea Wine & Storage, Inc. on Count IV in the amount of $50,000 plus interest and costs and grant him such further relief as the Court deems just and proper.

MICHAEL LEITNER

By: /s/ Walker R. Lawrence
One of His Attorneys

Howard L. Teplinsky – 6197501
Walker R. Lawrence – 6296405
Levin Ginsburg
180 N. LaSalle Street, Suite 3200
Chicago, IL 60601
(312) 368-0100
hteplinsky@lgattorneys.com
wlawrence@lgattorneys.com